1st Court of Appeals

Re: Edward Roz Newsome T.D.C #437698

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
MAR 24 2015
CHRISTOPHER A. PRINE
CLERK

COA # 14-13-00451-CV

Trial Cause # 2005-06163

## Amended Motion to Appear at hearing on Fund Plea to Jurisdiction

To the Honorable Judge of said Court: Local Rule (1 and (6)

The Appellant Edward R. Newsome argue and request for Permission to Appeal against denying and dismissing claim for lack of Jurisdiction was Abuse of discretion see Motion to file for a Stay, Motion to Consolidate Appeals, Motion to Extend time for Reconsideration in Rule 10.5(6) and Motion for Rehearing Against Appellants second Motion for New Trial, see New Trial Rey-122 in Medical Malpractice Action Applied to defendants Physician, as well as hospital, even though it made no reference to Partial Summary Judgment granted to Physician where Motion request new trial on All cause of Action, Not Just Action Against hospital, Motion was filed After both defendants Summary Judgment Motions had Been Granted, and Physician was served with Copy of Motion And was Put on Notice of its contents see VERNON ANN Texas Rule Civil Proc. Rule 166(a) and 306(c) with Tex. R. App. P. 9.3(a), Tex. R. App. P. 38.6(a) And Tex. R. App. P. 54(c) And Plaintiff May Recover damage After witnessing the victim my sister suffer Trumatic injury As Result of defendants

①

Negligent Conduct See *Damage Key 2-51* and *V.T.C.A. Civil Prac. + Remedies Code* § 71.004 (a) so as to permit extension of time from mistake and Pro se litigant for filing of transcript with Court of Appeals See *Rule 37.3 (a)* with Regard to Appeal of defendants *Motion for Partial Summary Judgment* where first motion was filed before defendant's *Motion for Partial Summary Judgment* had been Granted See *Tex. R. App. P. 35.1 (a)(b)(c)* and *Appeal and Error Key 2-907 (3)* Absent any statement of Facts, *Court of Appeals* would find that evidence Trial Court's dismissal of Suit for lack of Jurisdiction See *Appeal and Error Key 2-534 (1)* Alleged even through No statement of Facts was Filed *Rule 20.1* *Court of Appeals* Nevertheless would consider all question of law Against *Convict Key 2-6*, if Pro-se Indigent inmate is Required to be in Court, then Provision must be made for my Attendance, when inmate does not have Absolute Right to Present his case in a Civil matter, if merits can be determine without his Presence and trial court is to use its discretion in determining whether Prisoner should be Allowed Appearance in Court in a Civil case and Factors to be consider include: Costs and inconvenience of transportation Prisoner to Court, Security Risk and potential danger of Allowing Prisoner to Attend Open court whether Prisoner's Claims are substantial, whether determination of matter can reasonably be delayed until Prisoner is Release

②

From INCARCERATION, whether Prisoner can and will offer admissible, noncumulative testimony which could not be offered effectively by deposition, telephone or otherwise, whether Prisoner's presence is important in Judging my demeanor and credibility compared with that of other witnesses, whether trial is to the court or Jury, and Prisoner's probability to success on the merits, because, Prisoner can not be denied Access to court, because he is INCARCERATED, but my right of access does not unconditionally give me right to Appear personally, trial court is require to make inquires as to necessity of Personal Appearance would foreclose Prisoner's rights to be heard at all, and if Pro-se Plaintiff Inmate in civil Action is not entitled to leave Prison to, Appear personally in court then Prisoner should be Allowed to Proceed by Affidavit, deposition, telephone or other effective mean. Trial court failure to Rule on Pro Se Plaintiff Inmate motion to Appear at hearing by way of court ordered Bench WARRANT on Plea to Jurisdiction Filed by Crime Victims Fund with Respect to Inmate's claim for Compensation under Crime Victims Compensation Act constituted Abuse of discretion and Require Reversal of Trial court decision dismissing Inmate Claim for lack of Jurisdiction See VERNON ANN TEXAS CIV. ST. ART. 8309-1. See Rule 48 For Relief.

## certiFicate oF SerVice Rule 9.5

The APPellant Edward R. Newsome verify the statement made in this Amended AFFidavit oF INABility to Pay court costs and initial Filing fees without Prepayment of fees to File Motion to APPear at hearing on Fund Plea to Jurisdiction is true and Correct under the Penalty of Perjury See 28 U.S.C# 1746 For Purpose of MailBox Rule 4(c)1,2,3(d) For the ORiGiNal and copies oF Records IN Rule 9.3(a)(A)(B)(c), Rule 34.5(c)1, Rule 34.6(c)(4), Rule 38.6(a), Rule 35.1(a)(b)(c), Rule 35.3(b)(3) and Rule 37.3(a) late Filing. For Service IN local Rule 10,11,12(c) For BeneFits.

3-12-2015
DATE

Edward R. Newsome
APPellant SiGNature

(4)